# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

MARTY LAMBERT                              **MOVANT**

v.                                      **No. 1:12CR167-SA**

**UNITED STATES OF AMERICA**            **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the motion of Marty Lambert to vacate, set aside, or correct his sentence under 28 U.S.C. §2255. The government has responded to the motion, and the matter is ripe for resolution.

## Facts and Procedural Posture

Petitioner Marty Lambert was charged with conspiring to possess with intent to distribute cocaine and marijuana in Count I of a three-count indictment ("Indictment"). ECF doc. 1. Lambert's co-defendants were also charged in the indictment. Lambert pleaded guilty to Count I, and was sentenced pursuant to 21 U.S.C. §846 and 841(b)(1)(C) to 88 months with three (3) years of supervised release upon release from imprisonment. ECF doc. 244. Lambert filed a motion to reduce his sentence pursuant to 18 U.S.C. §3582(c)(2). ECF doc. 272. On June 3, 2015, this court granted Lambert's motion and reduced his sentence from 88 months to a term of 63 months. ECF doc. 317. On January 7, 2015, Lambert filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. §2255. ECF doc. 274.

## Scope of §2255 Review

There are four grounds upon which a federal prisoner may seek to vacate, set aside, or correct his sentence: (1) that the sentence was imposed in violation of the Constitution or laws

of the United States; (2) that the court was without jurisdiction to impose the sentence; (3) that the sentence exceeds the statutory maximum sentence; or (4) that the sentence is "otherwise subject to collateral attack."  28 U.S.C. ' 2255; *see United States v. Cates*, 952 F.2d 149, 151 (5th Cir.1992).  The scope of relief under ' 2255 is the same as that of a petition for a writ of *habeas corpus*. *Cates*, 952 F.2d at 151.

A defendant seeking relief under 28 U.S.C. § 2255 may not do so to raise issues that could have been raised on appeal.  *United States v. Walling*, 982 F.2d 447, 448-449 (10th Cir. 1992).   A petitioner may not raise constitutional issues for the first time on post-conviction collateral review unless he shows cause for failing to raise the issue on direct appeal and actual prejudice resulting from the error.  *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992), *cert. denied*, 506 U.S. 1007 (1992);  *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). The burden of showing "cause," an "objective factor external to the defense," rests with the petitioner. *McCleskey v. Zant*, 111 S.Ct. 1454, 1470 (1991).  No other types of errors may be raised on collateral review unless the petitioner demonstrates that the error could not have been raised on direct appeal, and if not corrected, would result in a complete miscarriage of justice. *Pierce*, 959 F.2d at 1301;  *Shaid*, 937 F.2d at 232.  Further, if a claim is raised and considered on direct appeal, a defendant is may not raise the issue in a later collateral attack.  *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979).

### Lambert's §2255 Claims

In the instant §2255 motion, Lambert makes the following claims for relief, which the court has restated for clarity:

1.  Trial counsel was ineffective for failing to appeal Lambert's conviction.

2. The court abused its discretion in failing to award Lambert points for accepting responsibility.

3. Lambert's criminal history was improperly stated in the pre-sentence report.[1]

4. Lambert's base offense level should be Level 12 because of the government's failure to allege the quantity of the drugs in the indictment.

## Ground One: Ineffective Assistance of Counsel

In his first ground for relief, Lambert alleges that his trial attorney was constitutionally ineffective for failing to seek an appeal despite Lambert's request that he do so. In their response, the government asserts that Lambert was advised by the sentencing court of his right to appeal. Further, the government notes that Lambert's attorney has provided an affidavit stating that he advised Lambert of his right to appeal and Lambert refused.

"An accused is constitutionally entitled to effective assistance of counsel on a direct appeal as of right[,]" *Lombard v. Lynaugh*, 868 F. 2d 1475, 1479 (5th Cir. 1989) (citing *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985)), and "the failure to file a requested [Notice of Appeal] is per se ineffective assistance of counsel, with or without a showing that the appeal would have merit." *United States v. Tapp*, 491 F. 3d 263, 265 (5th Cir. 2007) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 483-68, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000)). "When an attorney fails to file a NOA when requested to do so, then, the defendant need not demonstrate that he would have been able to raise meritorious issues on appeal." *Id*. Further, "it would be unfair to require a litigant to argue in a § 2255 proceeding that his appeal would have had merit . . . [i]nstead, the defendant must only demonstrate that there is a reasonable probability that, but for counsel's failure, he would have timely appealed." *Id*.

---

[1] This allegation was not set forth as a separate ground in Lambert's §2255 petition, but was discussed in Lambert's argument and addressed by the government in their response.

Based on Lambert's assertion that he asked his attorney to seek an appeal, which counsel failed to file, and the government's assertion that Lambert refused an appeal, the issue at hand is whether Lambert actually sought or refused an appeal. The Fifth Circuit has cautioned that "contested fact issues ordinarily may not be decided on affidavits alone, unless the affidavits are supported by other evidence in the record." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir.1981), *United States v. Ryan,* 215 Fed.Appx. 331, 332 (5th Cir.2007) (unpublished opinion); *United States v. Heckler,* 165 Fed.Appx. 360, 362 (5th Cir.2006) (unpublished opinion); *United States v. McBrayer,* 111 Fed.Appx. 723, 724 (5th Cir. 2004) (unpublished opinion); *United States v. McMillen,* 96 Fed.Appx. 219, 221 (5th Cir. 2004) (unpublished opinion); *United States v. Noble,* 73 Fed.Appx. 669, 670 (5th Cir. 2003) (unpublished opinion).

The court cannot determine this issue on the current record without live testimony to accurately measure the credibility of the witnesses in the present case and to flesh out the facts regarding the failure to seek an appeal. For these reasons, an evidentiary hearing will be held with regard to Lambert's allegation of ineffective assistance of counsel as set forth in Ground One. An order setting an evidentiary hearing will be entered separately.

**Ground Two: Acceptance of Responsibility**

In Ground Two, Lambert alleges that the court abused its discretion in failing to award Lambert three points for the acceptance of responsibility for his crimes. The pre-sentence report ("P.S.R.") notes that, after pleading guilty and while on bond in this case, Lambert was arrested for distributing hydromorphone. ECF doc. 242, pg. 5. As such, the Probation Officer found that Lambert had failed to withdraw from criminal conduct and, pursuant to U.S.S.G. §3E1.1, he had failed to accept responsibility and was not eligible for a level decrease. Lambert did not object to the P.S.R. and, as such, the court adopted the report. ECF doc. 281, pp. 3 and 10. Further, the

Fifth Circuit has held that the "court's application of the Sentencing Guidelines does not raise a constitutional issue" and such a claim is not cognizable under §2255. *U.S. v. Lewis*, 101 F.3d 698 (5th Cir. 1996), *citing United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). As such, the allegation in Ground Two lacks merit and is denied.

### Ground Three: Lambert's Criminal History

In Ground Three, Lambert complains that his criminal history was misstated in his P.S.R. Specifically, Lambert asserts that the P.S.R. improperly applied a Tishomingo County charge for "accessory after the fact-attempted aggravated assault, 2) resisting arrest, 3) littering, 4) accessory after fact- failure to yield to police," which was dismissed and should not have been used in calculating his criminal history score. ECF doc. 275, pg. 9. However, a review of Lambert's P.S.R. shows that this charge was listed under the "Other Arrests" section, after the calculation of Lambert's criminal history calculation. ECF doc. 242, pg. 9. As such, these particular charges were not used to calculate Lambert's criminal history score. Further, the Fifth Circuit has held, "[a] district court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under section 2255." *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995). As such, this allegation lacks merit and is denied.

### Ground Four: Lambert's Offense Level

In Ground Four, Lambert asserts that his offense level was improperly calculated because the government failed to state the quantity of drugs in the indictment. In Appre*ndi v. New Jersey*, 530 U.S. 466, 490 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." As such, the

Fifth Circuit has held that the government must allege the drug quantity in the indictment and prove it beyond a reasonable doubt when a sentence is sought under the provisions of 21 U.S.C. §841(b)(1)(A) or (B), which are triggered by specific drug ranges. *See U.S. v. Doggett*, 230 F3d, 160 (5th Cir. 2000) and *U.S. v. Gonzalez*, 259 F3d 355 (5th Cir. 2001). Lambert was sentenced pursuant to 21 U.S.C. §841(b)(1)(C), which provides a maximum sentence of not more than twenty (20) years and does not specify drug quantities. As such, the sentencing provision applied to Lambert was not dependent on drug quantities.

Further Lambert was sentenced pursuant to a criminal history category of III and a total offense level of 26. As such, the range under the sentencing guidelines was 78 to 97 months with supervised release of 3 years to life and a fine of $12,500 to $1 million. Lambert was originally sentenced to 88 months followed by three years of supervised release, well below the statutory maximum of twenty (20) years. This sentence was eventually reduced to a term of 63 months, again, below the statutory maximum. Because Lambert was sentenced below the statutory maximum, *Apprendi, supra*, is not triggered. Therefore, the allegations in Ground Four are without merit and are denied.

### Conclusion

As discussed above, Lambert's claims in Grounds Two, Three, and Four lack merit, and the instant motion to vacate, set aside, or correct Marty Lambert's sentence will be denied with regard to those allegations. Lambert's allegation in Ground One requires an evidentiary hearing to further develop the record. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this the 6th day of February, 2018.

 /s/ Sharion Aycock
**U.S. DISTRICT JUDGE**
